UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS

ROY LEE DAVIS

CRIMINAL NO. 09-104-FJP-SCR

(CV 11-731-FJP-SCR)

**<u>OPINION</u>**

The defendant, Roy Lee Davis, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The United States has filed an opposition[2] to the motion. For reasons which follow, defendant's motion is denied.

The grand jury for the Middle District of Louisiana returned an indictment charging the defendant, Roy Lee Davis, in Count One with distribution of 500 grams or more of cocaine, in violation of 21 U.S.S. § 841(a)(1), and in Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The indictment also contained a forfeiture allegation.

The defendant and the United States entered into a plea agreement on October 6, 2009. In the plea agreement, the United States agreed to dismiss Count Two of the indictment. This was a

---

[1] Rec. Doc. No. 63.

[2] Rec. Doc. No. 71.

very favorable benefit for the defendant since the penalty for Count Two of the indictment would have been a minimum of five years, to be served consecutively to the sentence in Count One. Pursuant to the agreement, the defendant agreed to plead guilty to Count One and to waive all appellate rights and post-conviction rights with very limited exceptions. The plea agreement contained the following provision:

> The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

The plea agreement also provided that the defendant would receive an additional one level decrease, for a total of three levels, for acceptance of responsibility.

On October 19, 2009, the defendant appeared before Judge Ralph E. Tyson for rearraignment. As part of these proceedings, Judge Tyson thoroughly questioned, explained, and discussed the plea agreement with the defendant. Judge Tyson specifically discussed the waiver of appellate review and post-conviction provisions of the plea agreement. The transcript provides:

> The Court: [You have] entered plea agreements that contain appellate waivers, which means that in addition to what I just explained, you will also be giving up the right to appeal anything that happens in this case, except for the following situations: you would still have the right to appeal any punishment that impose that exceed the statutory maximum. The laws that you're accused of violating set a maximum punishment or a maximum sentence that can be imposed for that violation. If I impose a sentence that goes beyond the maximum that's authorized by law, you would have the right to appeal that action; do you understand that...Mr. Davis?
>
> The Defendant: Yes, Sir.
>
> The Court: You would each have the right to appeal any punishment or sentence that I impose which is either an upward departure pursuant to the guidelines, or which is above the guidelines range that I calculate to apply in your case... You understand, Mr. Davis?
>
> The Defendant: Yes, Sir.
>
> The Court: Other than those three situations, if I accept your guilty pleas, and if I accept these plea agreements, neither of you will have the right to appeal anything else that happens in this case. And that includes your giving up the right to file any post-conviction proceedings or any habeas corpus proceedings, is that understood, Mr. Davis?
>
> The Defendant: Yes, Sir.[3]

The transcript reveals the defendant also advised the Court that he understood he could serve up to 40 years as a result of his guilty plea. After advising the Court that he fully understood the provisions of the plea agreement, the defendant entered a plea of guilty to Count One of the indictment.

Judge Tyson sentenced the defendant on June 3, 2010. In

---

[3]Transcript of October 19, 2009 Re-Arraignment, Rec. Doc. No. 53, pp. 12-14.

accordance with the plea agreement, the United States moved the Court to dismiss Count Two and the forfeiture allegation of the indictment which the Court granted. The Court also accepted the plea agreement and sentenced the defendant to a term of imprisonment of 97 months and a three year term of supervised release. It is clear from the record that the sentence was within the guidelines range calculated by the Court.

On June 8, 2010, the defendant filed a notice of appeal which the Fifth Circuit Court of Appeals dismissed as frivolous on July 14, 2011.[4]

The defendant filed the present motion under 28 U.S.C. § 2255 on October 12, 2011.

In his § 2255 motion, the defendant contends that (1) he was denied his right to effective assistance of counsel; (2) the district court erred in its calculation of the defendant's offense level; (3) the district court erred in its calculation of the defendant's criminal history category; and (4) the defendant was deprived of his right against double jeopardy. It is clear that in accordance with the terms of the plea agreement the defendant waived his right to challenge all of the issues he has raised above except for his claim that he did not receive the effective assistance of counsel.

It is also clear that a defendant, as part of a valid plea

---

[4]Rec. Doc. No. 62.

<mark>Doc#47662</mark> <mark>4</mark>

agreement, may waive his right to appeal[5] as well as his right to post-conviction relief.[6] In *Wilkes*,[7] the Fifth Circuit held there was no principled means of distinguishing between waiving relief under 28 U.S.C. § 2255 and waiving a right of appeal.

A review of the record reveals that the defendant knowingly and voluntarily, with the advice of counsel, waived his right to appeal, including those rights set forth under 28 U.S.C. § 2255. The plea agreement was read to the defendant in open court. He acknowledged that he understood the written plea agreement. Both he and his attorney signed the written plea agreement. The defendant acknowledged in open court and under oath that he entered into the plea agreement knowingly, voluntarily, and with the advice of counsel, and that he fully understood the agreement.[8] A solemn declaration in open court under oath carries a strong presumption of veracity.[9]

Therefore, the Court finds the defendant has waived his right to challenge the following issues in his § 2255 motion, and these claims will be dismissed with prejudice: (1) the district court

---

[5]*United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992).

[6]*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[7]*Id.*

[8]Tr. Rearr., at pp. 20-22.

[9]*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63 (1977)).

erred in the calculation of his offense level; (2) the district court erred in the calculation of his criminal history category; and (3) the defendant was deprived of his right against double jeopardy.

The Court now turns to defendant's claim that his defense counsel was deficient because his attorney failed to (1) conduct an independent investigation into the facts of the case; (2) apprise the defendant of potential defenses; (3) apprise the defendant of his constitutional rights; (4) object to the Presentence Report; (5) object to the two-level enhancement for relevant conduct; (6) prepare for the sentencing; and (7) present mitigating circumstances.

A review of the record reveals that the defendant failed to set forth evidence to support his claims that his counsel's representation did, in fact, fall below the standard set forth in *Strickland v. Washington*.[10] In *Strickland*, the Supreme Court set forth a two part test for determining whether counsel has rendered constitutionally ineffective assistance of counsel. Under *Strickland*, the defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that his deficient performance prejudiced the defense.[11] To determine whether counsel's performance was reasonable, the

---

[10] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[11] *Id.* at 689-94.

Fifth Circuit has held that the reasonableness standard requires counsel to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[12] To prove prejudice, the defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The defendant has failed to prove both the reasonableness and prejudice requirements. Mere allegations by a defendant are not sufficient to satisfy defendant's burden of proof standard. Speculation is insufficient, and conclusory allegations do not satisfy the *Strickland* test for ineffectiveness.[13]

The factual basis provided at the rearraignment clearly establishes that the evidence presented in this case satisfied all of the elements required to support a conviction on Count One of the indictment. Davis was charged with distribution of 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. Following the defendant's arrest, the officers discovered narcotics and a handgun in the defendant's vehicle. The officers also searched the defendant's residence and found multiple firearms and $80,911 in cash in the defendant's

---

[12]*United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

[13]See *Barnard v. Collins*, 958 F.2d 634, 643 n. 11 (5th Cir. 1992); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

closet. A large quantity of cocaine, three drug ledgers and papers indicative of drug negotiations were also found in the defendant's residence. After being advised of his rights, the defendant admitted that the guns, drugs and money were his.

There were simply no defenses which would even remotely support a not guilty verdict in this case. Thus, defendant's counsel began plea negotiations with the U. S. Attorney. Because of the successful plea negotiations conducted by the defendant's counsel, the United States agreed to dismiss Count Two of the indictment which charged the defendant with possession of a firearm in furtherance of a drug trafficking crime. Had this count not been dismissed, the defendant would have been subject to a mandatory five year consecutive sentence to the sentence defendant received on Count One. Defendant's counsel was also able to get the United States to petition the Court to decrease the defendant's offense level by one additional level for acceptance of responsibility, thereby giving the defendant a three level reduction for acceptance of responsibility. This obviously would reduce defendant's sentence. The defendant received a substantially reduced sentence as a result of the plea agreement negotiated by his counsel. Finally, defendant's counsel was able to get the United States to dismiss the forfeiture allegation in the indictment. There was simply no evidence in the case to support defendant's allegation that his counsel's performance was

unreasonable or that defendant was prejudiced.

All of the defendant's arguments are without merit and do not form the basis of an ineffective assistance of counsel claim. Simply put, the government argues and the Court agrees that the defendant is trying to use his claim of ineffective assistance of counsel as a disguise to challenge other issues which he waived in his plea agreement. But for defendant's counsel's professional and thorough representation, the defendant received a substantially lower sentence than he would have otherwise received.

Because the defendant has failed to prove his attorney was ineffective under the *Strickland* standard, defendant's § 2255 motion must be and is hereby dismissed with prejudice.[14]

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, January 12, 2012.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[14]The Court has considered all of the contentions of the parties whether discussed herein or not.